Manchester v. Crisman, et al.          CV-97-632-M    07/31/01
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


City of Manchester School District,
      Plaintiffs

      v.                                  Civil No. 97-632-M
                                          Opinion No. 2001 DNH 138
Margaret Crisman, as Surrogate
Parent for Kimberli M., and the
Town of Pittsfield School District,
      Defendants


                          **O R D E R**


      In its Order dated March 26, 2001, the court considered

cross-motions for summary judgment, analyzed what it considered

to be the dispositive issues and applicable law, and invited

Manchester School District ("MSD") to show cause why the state

administrative hearing officer's decision in this case should not

be affirmed.  Specifically, plaintiff was asked to point to a

genuine issue of material fact relative to the qualifying nature

of Kimberli's placement in a "home for children," or demonstrate

that the term "place" (and its variations) as used by the New

Hampshire legislature in N.H. Rev. Stat. Ann. Ch. ("RSA") 193 and

as applied to Kimberli, should be construed to mean "placed by

the state."[1]  And, if the term "place" means "placed by the state," MSD was asked to demonstrate that it is not now estopped from arguing that Kimberli was not placed by the state, given MSD's apparent failure to argue the point when it challenged its liability as the "sending district" in 1992, in an separate proceeding before the New Hampshire Department of Education.

Having considered plaintiff's memorandum, the opposing memoranda, and after hearing oral argument, the court concludes that the administrative hearing officer's decision is correct for the reasons given in this court's March 26th Order, as briefly supplemented below. Because there is no genuine dispute as to material facts and, given the operative facts, the Manchester School District ("MSD") remains the "sending district" with regard to Kimberli's public education in the Pittsfield School District, Defendant Kimberli M. is entitled to judgment as a matter of law.

The factual and legal background relevant to this case is fully set out in the court's March 26th Order and will not be

---

[1] The phrase "placed by the state" is shorthand for the statute's literal language, "placed by the department of health and human services or a court of competent jurisdiction pursuant to RSA 169-B, RSA 169-C, RSA 169-D, or RSA 463."  RSA 193:27.

repeated here, except as necessary to explain the court's decision.

The parties agree that Kimberli is severely disabled, that she lives and is "cared for in" a qualifying "home for children," within the meaning of RSA Ch. 193, and that she attends public school in the Pittsfield School District, the district in which the home for children is located. There is no reasonable dispute that Kimberli physically resided in Manchester prior to being placed in the home for children (though her legal residence, or domicile, at the time is unclear). Certainly, MSD could have, but did not challenge that physical residence in 1992, when it first challenged its liability. Having failed to do so, it is estopped from now denying that Kimberli "most recently resided in" Manchester before being placed in the home for children. See RSA 193:27, IV. It is also undisputed that Kimberli is (at least for purposes of this decision) in the legal custody of a parent who resides outside the state. Id. So, if Kimberli was "placed" in the home for children, then MSD remains the financially liable "sending district."

Essentially, MSD asserts that the term "placed" as used in the applicable statute means "placed by the state" with respect

3

to children who, like Kimberli, have been placed in a "home for children."  Because Kimberli was placed by her parents,[2] and not the state, MSD says it cannot qualify as the "sending district" and cannot be held liable for the cost of Kimberli's public education.

To support its position, MSD points to 1998 amendments to RSA 193:27, IV, which inserted language expanding the definition of "sending district" to include the school district in which a child most recently resided other than "the home of a relative or friend in which a child is placed by the department of health and human services or a court of competent jurisdiction . . . ."  MSD says that qualifier — requiring that a child's placement in the home of a relative or friend be arranged by the state as a precondition to holding the child's previous school district of residence financially liable for his or her public education —

---

[2] The defendants believe that the circumstances of Kimberli's placement amounted to at least a de facto "placement by the state," but correctly note that that fact need not be determined if the phrase "placed in a home for children" includes placement by a parent.  The court, for purposes of this decision, accepts MSD's claim that Kimberli was not "placed by the state." Of course, that factual dispute cannot be resolved against defendants in this context, but the assumption is not prejudicial since the fact is not critical to the court's analysis.

4

applies equally to children placed in a qualifying "home for children."  The court disagrees.

Neither the language of, nor the structure of the clauses and sentences used in RSA 193:27, IV, as amended, supports MSD's interpretation.  The language inserted by the 1998 amendment is set off by commas, a common device plainly intended to communicate the intent to limit the "placed by the state" qualifier to children placed in the home of a relative or friend. The qualifier does not apply to children placed in "homes for children," or in "health care facilities," or in "state institutions."  In limiting application of the "placed by the state" qualifier to situations involving placements with friends or relatives, the legislature undoubtedly recognized that such placements are essentially involuntary and facially legitimate. Therefore, the school district in which the relative or friend lives should be reimbursed by the placed child's district, the district ordinarily obligated to provide the child with a free and appropriate public education.  When children are placed with relatives and friends voluntarily (i.e. without any state intervention), however, there may be a risk of abuse, e.g. parents placing their children with relatives in cities or towns

5

with better schools for the purpose of obtaining a public education for them superior to that available in the parents' hometown. To guard against such placements, the legislature has generally precluded nonresident children from attending local schools, absent at least a "recommendation" or "request" by the department of health and human services that the child be placed with a relative or friend. See RSA 193:12, V, and V-a ("Whenever a parent . . .places a child with a relative at the recommendation or request of the department . . . , that child shall be permitted to attend the public schools of the school district in which that relative resides . . . .").

Thus, the 1998 amendments adding the qualifying language regarding a child's placement with friends or relatives "by the state," insured that the cost of such placement would be borne not by the relative's district, but by the "sending district." In all other cases, either the child placed with relatives or friends would not be entitled to attend public schools in the relative's or friend's district at all, or, before the child could attend the local schools (at the local district's expense) it would first have to be shown that the voluntary placement was to "promote the child's well being, and not for the purpose of

allowing the child to attend school in the district where the relative resides." RSA 193:12, V-a(a).

The term "place" does, in the educational community, encompass placement by a parent. The legislature very clearly uses the term in that manner in RSA 193:12, V-a, and the New Hampshire Department of Education's administrative regulations use the term in a manner that includes parental placement as well. The department defines the term as follows:

> (11) "Placement" or "place" means the act of enrolling a student in, or committing or moving a student to, an educational program or residential program or facility, or the act of transferring a student from one educational program or residential program or facility to another; "placement" or "place" also means the site in which a student has been or will be placed.

N.H. Code Admin. R. Ed 1130.02(a)(11). And, in the event a school district requests a determination of financial liability for the provision of educationally related services arising from a placement, that district is required, by regulation, to provide the department with particular information, including:

> i. Name of each placing agency *such as parent*, DCYF, school district, court[.]

N.H. Code Admin. R. Ed 1130.07(a)(3)d.1.i. (emphasis supplied).

7

Accordingly, even accepting that Kimberli was moved to the Brock Home – a qualifying "home for children" – by her parents, she was "placed" there within the unambiguous meaning of that term as it is used in the pertinent statutes and administrative regulation. Therefore, MSD is the "sending district" financially liable for Kimberli's public education in the Pittsfield School District.

CONCLUSION

Plaintiff, Manchester School District, having failed to show cause why the administrative hearing officer's decision in this matter should not be affirmed, and, because, given the undisputed material facts, Kimberli M. is entitled to judgment as a matter of law, judgment shall be entered in favor of Kimberli M. and the case closed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 31, 2001

cc:  Dean B. Eggert, Esq.
     Lynne J. Zygmont, Esq.
     Jay C. Boynton, Esq.
     Jed Z. Callen, Esq.
     Jeanne Kincaid, Administrative Hearing Officer